ENSIGN D. STEVENS *vs.* ARCHIBALD TAFT & others.

In an action for breaking and entering woodland to which the plaintiff showed title under a recent grant from a former owner, and the defendant claimed title by adverse possession, the jury were instructed that if the defendant was in uninterrupted adverse possession of the land for twenty years, the jury were authorized, but were not bound, to presume that he had a legal grant thereof or other valid title. *Held,* that the plaintiff had no ground of exception.

ACTION OF TORT for breaking and entering three closes in Sheffield, and cutting and carrying away wood and timber therefrom. Trial before *Metcalf*, J., who made this report thereof:

"The main question in the case was whether the title to the closes was in the plaintiff or in the legal representative of Stephen Stevens, deceased. There was evidence that Stephen Stevens claimed said closes, which were woodlands, and one of them some distance from his improved lands; that for more than twenty years before his death he cut wood and timber at intervals from said closes; that he sold wood and timber thereon to other persons, who cut and carried it away. And there was no evidence that any other person claimed title to said closes or cut wood thereon whilst said Stephen claimed and occupied as above stated.

"Said closes were originally parts of the land of the Housatonic Lower Proprietary, parts of which proprietary lands were taken up and located by said Stephen Stevens, and records thereof made in the proprietors' books. But the evidence left it uncertain whether the said locations on the records covered the closes on which the alleged trespasses were committed; and the plaintiff claimed under recent locations of said proprietors' lands, which locations did cover these closes.

"The jury were instructed on the various points of law which arose in the case, and among the rest upon the effect of twenty years uninterrupted adverse possession under a claim of right, to which no exceptions were taken. The jury, after having been together two or three hours, came into court and proposed this question: 'Whether the fact of Stephen Stevens having been in possession for twenty years gave him a clear title?'

" The court thereupon referred the jury to the instructions formerly given to them on this subject, and told them that if Stevens was in uninterrupted adverse possession of the closes mentioned in the plaintiff's writ twenty years or more before the alleged trespass, claiming title thereto, the law authorized the jury to presume that he had a legal grant thereof, or other valid title; that the jury were not bound by law to make such presumption, and that they should take into consideration, in deciding on this matter, the fact that the closes in question were woodland, and that one of them was somewhat distant from Stephen Stevens's homestead; and that on the question of his uninterrupted possession, they should consider what was the nature and extent of that possession.

" The jury found a verdict for the defendants, and the plaintiff's counsel excepted to the instructions given to the jury in answer to their aforesaid inquiry."

*J. Rockwell & J. E. Field,* for the plaintiff.

*I. Sumner,* (*B. Palmer* with him,) for the defendants.

MERRICK, J.   It appears from the statement in the bill of exceptions, that, in relation to the several points of law which arose upon the trial, among which were questions concerning the legal effect of an uninterrupted adverse possession by Stephen Stevens of the premises described in the writ, under a claim of right, for a period of twenty years, all the instructions given to the jury before they retired to deliberate on the evidence, and to consider what verdict ought thereon to be returned, were acceptable and satisfactory to the parties.   We must therefore presume that they were in all respects correct; and especially, that in reference to the acquisition of title to land by disseisin and adverse possession the jury were fully advised, in conformity to the well settled and long established law of this commonwealth, that the cutting and carrying away, on different occasions and after the lapse of various intermediate intervals of time, of wood and timber, and the selling of wood and timber which was in like manner cut and carried away by the purchasers thereof, from a lot or parcel of open and uninclosed woodland, as was found upon the trial, are not in their nature acts

of exclusive possession, and do not constitute, nor does proof of them show, a disseisin of the lawful owner of the estate. *Kennebeck Purchase* v. *Springer*, 4 Mass. 416. *Slater* v. *Jepherson*, 6 Cush. 129.

But the plaintiff did except to the instructions which were given in reply to the specific inquiry of the jury whether possession by Stephen Stevens for twenty years gave him a clear title to the demanded premises. And to these only, it distinctly appears from the bill of exceptions that the plaintiff limited and confined his objections. If therefore there was nothing objectionable in the reply to the question they proposed to the court, no error in matter of law is shown to have occurred, and no adequate reason is assigned why judgment should not be entered upon the verdict.

So far as the answer of the court to the inquiry of the jury referred them to former instructions which were satisfactory to the parties, and to which no exception was taken, it must of course be presumed to have been appropriate and correct. It is true that it does not appear what these instructions were; but if the plaintiff supposed them to be in any material particular erroneous, and desired to have them subjected to examination and revision in this court, he should have caused them to be stated in detail, and have indicated the grounds upon which he considered them erroneous or unjust. Having neither done this, nor made any objection to the instructions which were given to the jury when the cause was committed to them, it is obvious that he here shows no error or mistake, and no cause for the intervention of the court for his relief.

The remaining portion of the answer of the court to the same inquiry, namely, that the law authorized the jury to presume that Stephen Stevens held the described premises under a legal grant, or other valid title, if he had been in the uninterrupted adverse possession thereof, claiming title thereto, for a period of twenty or more years, was certainly as an abstract proposition perfectly correct. It has often been determined that the existence of deeds and other suitable conveyances, and that all acts necessary to give them validity were done, may be presumed

from uninterrupted and long continued possession of real estate. And it is specially provided by statute that no person shall commence an action for the recovery of lands, or make any entry thereon, unless it be within twenty years after his right accrued, or within twenty years after he or those under whom he claims shall have been seised or possessed of the premises. Rev. Sts. *c.* 119, § 1. *White* v. *Loring*, 24 Pick. 319. *Melvin* v. *Locks & Canals*, 17 Pick. 255. *Ryan* v. *Hathaway*, 21 Pick. 298. *Brattle Square Church* v. *Bullard*, 2 Met. 363. *Doe* v. *Reed*, 5 B. & Ald. 232. Such possession, however, creates only a presumption of fact and not of law. It is therefore always, and in each particular case which may arise, merely evidence of a grant or conveyance, not absolutely conclusive in itself, but to be weighed and considered by those whose duty it is to decide the issue to be determined. It may therefore be aided and sustained, or controlled and defeated altogether, by additional proofs or by surrounding and collateral circumstances. And this qualification was not in this instance omitted by the court, when advising the jury how far it was competent for them to deduce conclusions and presume the existence of valid and effectual conveyances from the fact of long continued adverse possession of the estate to which the plaintiff claimed title under the recent locations made by the Housatonic Lower Proprietary.

Whether, considering that the estate upon which the alleged trespass was committed was an uncultivated wood lot, the defendants produced sufficient evidence to prove that the owner of it had been in fact disseised, and that Stephen Stevens did in truth have the actual and adverse, open and visible, possession of it for twenty years, might perhaps have been a question of considerable doubt and uncertainty. But this point was not overlooked by the court in giving an answer to the inquiry of the jury. They were reminded that the close in question was woodland, and were told that on the question of uninterrupted possession they must consider the nature and extent of that possession; herein evidently drawing their attention to those other instructions, not objected to, in which they had been told what

would be insufficient, and what was essential, to constitute a disseisin. But whatever the evidence was, we are not called upon to consider its effect, or its sufficiency to establish the proposition asserted by the defendants. No motion has been made to set aside the verdict because it is against the evidence; nor does the whole of it purport to be reported. We are to look only at the questions of law which are presented in the bill of exceptions; and finding therein no error in any of the instructions complained of, the exceptions must be overruled.